IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GERALDINE S. HODGE,

        Plaintiff,

v.                                                                   CV No. 19-459 CG

ANDREW SAUL,
Commissioner of the Social Security
Administration,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff Geraldine Hodge's *Motion to Reverse or Remand Administrative Agency Decision* (the "Motion"), (Doc. 15), filed September 30, 2019; Defendant Commissioner Andrew Saul's *Response to Plaintiff's Motion to Reverse and Remand For Rehearing* (the "Response"), (Doc. 22), filed December 26, 2019; and Ms. Hodge's *Reply To Defendant's Answer To The Motion to Reverse or Remand For Rehearing* (the "Reply"), (Doc. 23), filed January 21, 2020.

Ms. Hodge filed an application for disability insurance benefits on October 1, 2015. (Administrative Record "AR" 14, 72). In her application, Ms. Hodge alleged disability beginning March 4, 2014. (AR 190). Ms. Hodge claimed she was limited in her ability to work due to migraine headaches, neck and back injuries, depression and severe pain. (AR 202). Ms. Hodge's application was denied initially on December 1, 2015, and denied upon reconsideration on August 23, 2016. (AR 268, 97).

At Ms. Hodge's request, a hearing was held on January 9, 2018, before Administrative Law Judge ("ALJ") Michelle Lindsay. (AR 14, 35). Ms. Hodge and Nicole King, an impartial vocational expert ("VE"), testified at the hearing. (AR 35). Ms. Hodge

1

was represented by her attorney, Martha Posey, from the Jeffrey Diamond Law Firm. (AR 35, 168). On July 9, 2018, the ALJ issued her decision, finding Ms. Hodge not disabled at any time between her alleged onset date, March 4, 2014, through her date last insured, December 31, 2017. (AR 29). Ms. Hodge requested review by the Appeals Council, (AR 171), which was denied, (AR 1-3), making the ALJ's decision the Commissioner's final decision for purposes of this appeal.

In her Motion, Ms. Hodge, represented by her attorney Jeffrey Diamond, appears to argue that the following errors require remand: (1) the ALJ failed to adequately consider her allegations of pain and absenteeism, and therefore, committed an error of law, (Doc. 15 at 4-7); and (2) the Residual Functional Capacity ("RFC") is not supported by substantial evidence, (Doc. 15 at 4-10). Because of a lack of clarity in her briefing, other arguments could not be identified. As a result, the Court will only consider those contentions that have been adequately briefed for review. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) (explaining that although the claimant presented "a number of subissues and arguments," the Court is required to "consider and discuss only those of her contentions that have been adequately briefed").

The Court has reviewed the Motion, the Response, the Reply, and the relevant law. Additionally, the Court has meticulously reviewed the administrative record. Because the Commissioner properly considered Ms. Hodge's allegations of pain and absenteeism and because the RFC is supported by substantial evidence, the Court orders that Ms. Hodge's Motion be **DENIED** and the case be **DISMISSED WITH PREJUDICE**.

I.   **Standard of Review**

The standard of review in a Social Security appeal is whether the

2

Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (citing *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992)). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). The Commissioner's "failure to apply the correct legal standards, or to show . . . that she has done so, are also grounds for reversal." *Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996) (citing *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994)). A court should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for the Commissioner's. *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g) (2018), which is generally the ALJ's decision, rather than the Appeals Council's denial of review. *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214; *Doyal*, 331 F.3d at 760. An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. While the Court may not re-weigh the evidence or try the issues *de novo*, its examination of the record must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v.*

*Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ]'s findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)) (alteration made).

## II.     Applicable Law and Sequential Evaluation Process

For purposes of supplemental security income and disability insurance benefits, a claimant establishes a disability when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (2015); 20 C.F.R. §§ 404.1505(a), 416.905(a) (2012). In order to determine whether a claimant is disabled, the Commissioner follows a five-step sequential evaluation process ("SEP"). *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920 (2012).

At the first four steps of the SEP, the claimant bears the burden of showing: (1) she is not engaged in "substantial gainful activity;" (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and either (3) her impairment(s) meet or equal one of the "listings"[1] of presumptively disabling impairments; or (4) she is unable to perform her "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i-iv) (2012); *see also Grogan*, 399 F.3d at 1261. If the ALJ determines the claimant cannot

---

   1.     20 C.F.R. pt. 404, subpt. P, app. 1.

4

engage in her past relevant work, the ALJ will proceed to step five of the evaluation process. At step five, the Commissioner bears the burden of showing that the claimant can perform other work in the national economy, considering the claimant's RFC, age, education, and work experience. *Grogan*, 399 F.3d at 1261.

### III. Background

Ms. Hodge filed her disability application alleging she was limited in her ability to work due to migraine headaches, neck and back injuries, depression and severe pain. (AR 202). At step one, the ALJ determined that Ms. Hodge had not engaged in substantial gainful activity since March 4, 2014, the alleged disability onset date. (AR 16). At step two, the ALJ found Ms. Hodge had the following severe impairments: degenerative disc disease of the lumbar and cervical spine; fibromyalgia; migraine headaches; and depression. (AR 15). At step three, the ALJ determined that Ms. Hodge's impairments did not meet or equal one of the listed impairments in 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526 (2017). (AR 17).

Also at step three, the ALJ found that Ms. Hodge was limited to light work with the following additional limitations:

> [O]ccasionally climb stairs and ramps, balance, stoop, crouch, kneel, and crawl, and could never climb ladders, ropes or scaffolds. [She] needed to avoid more than occasional exposure to extreme heat or cold, and to completely avoid unprotected heights. The claimant was able to understand, remember and carry out only simple instructions, and to maintain attention and concentration to perform only simple tasks for up to two hours at a time, without requiring redirect to task. She was able to interact with coworkers, supervisors and the general public on only a superficial basis.

(AR 18).

In formulating Ms. Hodge's RFC, the ALJ stated that she considered Ms. Hodge's symptoms and the extent to which those symptoms could reasonably be

5

accepted as consistent with the objective medical and other evidence, as required by 20 C.F.R. § 404.1529 and Social Security Ruling ("SSR") 16-3p. (AR 18). The ALJ also stated that she considered opinion evidence consistent with the requirements of 20 C.F.R. § 404.1527. (AR 18). The ALJ concluded that some of Ms. Hodge's impairments could be expected to cause her alleged symptoms, but she found that the intensity, persistence, and limiting effects Ms. Hodge described were not entirely consistent with the evidence in the record. (AR 19).

In evaluating the medical evidence in the record, the ALJ considered and assigned weight to the medical opinions. The ALJ gave "significant weight" to the opinion of the physical consultative examiner, Yousef Hindi, M.D. (AR 25-26). Additionally, the ALJ assigned "limited weight" to the opinion of the State Agency psychologist Alvin Smith, Ph.D., and "great weight" to the opinion of the State Agency psychologist Randy Cochran, Psy.D. (AR 26). Finally, the ALJ gave "partial weight" to the opinions of State Agency physicians David Coffman, M.D., and Shabnam Rehman, M.D. (AR 26).

Relying on VE testimony, at step four the ALJ found that Ms. Hodge was unable to perform her past relevant work as an automotive service advisor. (AR 27). At step five, the ALJ found that considering Ms. Hodge's age, education, work experience and her assessed RFC, she could perform other work as an assembler, housekeeper, and garment sorter. (AR 28). After finding that Ms. Hodge was able to perform other work existing in significant numbers in the national economy, the ALJ concluded she was "not disabled," as defined by 20 C.F.R. § 404.1520(g), and ended her analysis at step five. (AR 29). Ms. Hodge requested review of the decision by the Appeals Council. (AR 171, 302-305). The Appeals Council affirmed the ALJ's denial of her claim for disability

6

benefits. (AR 1-3).

IV.   Analysis

From her Motion, the Court could identify two arguments put forth by Ms. Hodge as to why her case should be remanded or reversed. First, the ALJ failed to adequately consider her allegations of pain and absenteeism, and therefore, committed an error or law. (Doc. 15 at 4-7). Second, the RFC is not supported by substantial evidence. (Doc. 15 at 4-10).

In response, the Commissioner contends "the ALJ carefully considered the record in its entirety, including the medical evidence and [Ms. Hodge's] statements, and reasonably concluded that [Ms. Hodge] could perform a reduced range of light work with certain limitations to accommodate her verified symptoms." (Doc. 22 at 7) (alterations made). Further, the Commissioner argues the ALJ outlined the medical evidence and explained in detail the legally valid reasons for her determination, and in doing so addressed conflicts between Ms. Hodge's statements and the medical evidence. (Doc. 22 at 8). Therefore, the Commissioner asserts the ALJ's decision is supported by substantial evidence. *Id.*

  A. *Consideration of Ms. Hodge's Symptoms and Limitations*

Ms. Hodge first alleges the ALJ failed to properly consider her allegations of pain and absenteeism. (Doc. 15 at 4-7). In support of her argument, Ms. Hodge outlined numerous statements from her Headache Questionnaire, Disability Report, Adult Function Report, hearing testimony and her husband's Third Party Function Report in which she described the severity and limiting effects of her symptoms. *Id.* at 5-6. In addition, she cited to her hearing testimony that she had been terminated from her prior positions due to chronic absenteeism caused by symptoms from her migraines. *Id.* at 4-

7

5. The Commissioner responds that the ALJ carefully considered the record, including Ms. Hodge's statements, and reasonably concluded that her allegations were not entirely consistent with all of the evidence in record. (Doc. 22. at 7-8).

Pursuant to 20 C.F.R. § 404.1529 (a), when evaluating a claimant's subjective complaints an ALJ should consider all symptoms, including pain, and determine "the extent to which symptoms are consistent with the objective medical evidence and other evidence in the record." *See also* SSR 16-3p, 2017 WL 5180304. The Regulation's reference to "other evidence" includes information about a claimant's prior work history, statements from medical sources or nonmedical sources, observations by Social Security employees, daily activities, courses of treatment, and medication dosages, types and effectiveness, to name just a few factors outlined for consideration. 20 C.F.R. § 404.1529 (c)(3). In her assessment, the ALJ is tasked with looking for conflicts between a claimant's statements and the evidence in the record, including the objective medical evidence. However, "[s]tatements about [] pain and other symptoms will not alone establish [disability]." 20 C.F.R. § 404.1529 (a) (alteration made). These credibility assessments "are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence." *Diaz v. Secretary of Health & Human Servs.*, 898 F.2d 774, 777 (10th Cir.1990). However, "[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Huston v. Bowen*, 838 F.2d 1125, 1133 (10th Cir.1988) (footnote omitted).

In considering Ms. Hodge's allegations, the ALJ summarized her testimony, which included her statement that she stopped working four years prior due to chronic absenteeism caused by her migraines, her limited ability to do household chores, her

8

limited standing and walking abilities, and her complete inability to walk two to three days per month. (AR 19). The ALJ also considered Ms. Hodge's written statements and statements from her husband. (AR 19, 26-27). However, the ALJ found that Ms. Hodge's statements regarding her physical limitations "are inconsistent with the largely mild to non-existent signs of impairment seen at physical examinations…." (AR 20).

Specifically, the ALJ cited to results from x-rays and MRIs of Ms. Hodge's cervical and lumbar spine, her prescribed medications, and her early discharge from physical therapy due to failure to attend. (AR 20). With respect to her clinical findings, the ALJ outlined a series of appointments spanning from April 2014 through December 2017 in which generally normal findings were found. (AR 20-21). These findings included a normal gait and motor strength, intact sensation and deep tendon reflexes, a negative straight leg raise, and full range of motion. (AR 20-21).

Yet, the ALJ also acknowledged findings within that time which were abnormal, such as lumbar and cervical spine tenderness with range of motion limitations. (AR 21). The ALJ also discussed findings from December 8, 2017 and December 19, 2017 appointments in which Ms. Hodge appeared with an abnormal gait, limited range of motion in her neck, and reduced strength in her upper extremities. (AR 21). However, the ALJ noted that these findings appeared to be a temporary exacerbation given that prior treatment records showed less significant limitations. (AR 21). Indeed, the ALJ noted that the remaining findings from her December 19 appointment were largely normal. (AR 21). Further, the examining provider indicated that the weakness in Ms. Hodge's upper extremities was the result of poor effort and pain, and he recommended a "non-aggressive" treatment regimen of Tylenol, Advil, and methocarbamol. (AR 21).

9

Next, the ALJ considered medical evidence of Ms. Hodge's migraine headaches. (AR 22). The ALJ outlined several instances in which Ms. Hodge sought treatment for her headaches, including once for a three-day migraine. (AR 22). Additionally, in November 2017 Ms. Hodge reported that her migraines had worsened. (AR 22). However, one month later, in December 2017, Ms. Hodge stated that her medications helped if she took them at the onset of a headache. (AR 22).

After comparing Ms. Hodge's allegations and statements to the objective medical evidence and other evidence in the record, the ALJ found that Ms. Hodge's statements regarding her physical limitations were inconsistent with the largely normal to mild signs of impairment seen in her physical examinations. (AR 20). Rather, the ALJ found that Ms. Hodge's impairments would limit her to "light work with the additional postural and environmental limitations described….[but] greater limitations were not supported. (AR 22) (alterations made). With respect to Ms. Hodge's migraines, the ALJ found that they could be expected to contribute to her limitation to light work with the additional environmental limitations outlined in the RFC. (AR 22). However, the treatment records did not demonstrate that they would "cause[] limitations sufficiently frequent or severe to prevent [Ms. Hodge] from maintaining a fulltime work schedule within the constraints described…." (AR 22) (alterations made).

Based on the above, the Court finds that the ALJ properly and adequately considered Ms. Hodge's allegations. The ALJ considered conflicts between Ms. Hodge's allegations and the medical evidence and found that not all of her allegations were supported, in particular her allegations of chronic absenteeism and severe pain resulting in missed work two or three days per month. Moreover, while Ms. Hodge complained of severe pain and weakness, the ALJ noted that most of her physical

findings were generally normal. (AR 20-21). In terms of "other evidence," the ALJ considered Ms. Hodge's allegations of absenteeism and severe pain, but when weighing these against Ms. Hodge's prescribed medications, her early discharge from therapy, and recommendations of "non-aggressive" treatment, the ALJ found they could not be entirely supported. (AR 20-22). As for her migraine headaches, the ALJ discussed some of her treatment history and complaints of pain, but when weighing these against Ms. Hodge's statement of medication efficacy, the ALJ could not find that Ms. Hodge's allegations of chronic absenteeism were supported. (AR 22). Also significant, the ALJ discussed and considered clinical abnormalities, including from Ms. Hodge's December 19 appointment as well as abnormalities found in her x-ray and MRI results. (AR 20-22). However, even taking these into account the ALJ determined that these findings were not so abnormal as to support Ms. Hodge's allegations of extreme limitations. (AR 20-22).

In short, having considered all of the relevant factors in 20 C.F.R. § 404.1529, the ALJ found that not all of Ms. Hodge's symptoms were "consistent with the objective medical evidence and other evidence in the record." In this determination, the ALJ provided a discussion and analysis that was "closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Huston*, 838 F.2d at 1133. As a result, the Court finds that the ALJ did not commit an error of law in her assessment of Ms. Hodge's allegations, and the assessment is supported by substantial evidence. Therefore, the Court denies Ms. Hodge's request for remand on this basis.

### B. Substantial Evidence Analysis

Next, intertwined with Ms. Hodge's argument that the ALJ failed to take into account her allegations, Ms. Hodge seems to also argue that the ALJ's RFC is not supported by substantial evidence. (Doc. 15 at 7). While she labels this section in her Motion "Inconsistencies in the ALJ's Decision at Step II of the Sequential Evaluation," based on the substance of her argument in this section and the previous section, the Court believes that her primary contention is that the RFC is not supported by substantial evidence. *Id.* at 7-10. *See Keyes-Zachary*, 695 F.3d at 1161 (explaining that in light of the claimant's "poorly developed" arguments, the Court will focus on the "centerpiece of [the claimant's] argument").

Contrary to the ALJ's RFC, Ms. Hodge asserts that due to chronic spine pain, fibromyalgia and migraine headaches she could not sustain fulltime work on a continuing and regular basis, defined by SSR 96-8p as eight hours per day, for five days per week, or an equivalent work schedule. (Doc. 15 at 8-9). Ms. Hodge contends this is supported by her inability to care for her household or child without regular assistance from her husband or mother; she requires help with toileting, personal hygiene, and shopping; and she is limited in distances she can drive. *Id.* at 8. Additionally, Ms. Hodge highlights her testimony that she lost her previous job as an automotive service advisor because of absenteeism caused by her migraines and spinal pain. *Id.* She also points to physical findings from her December 19, 2017 appointment that showed she walked with a mild limp, had painful palpitation over her lumbar spine, limited range of motion in her neck, reduced strength in her upper extremities, positive Hoffman's sign on the left, and 3+ reflexes in her biceps, triceps and patellar tendons. *Id.* at 9. Finally, Ms. Hodge recites results from 2017 diagnostic tests of her cervical and lumbar spines that showed

a disc herniation at her L5-S1 level but otherwise no abnormalities and degenerative changes at multiple levels in her cervical spine. *Id.* at 9-10.

In his Response, the Commissioner asserts that the ALJ properly considered Ms. Hodge's allegations, but discounted them for legally valid reasons. (Doc. 22 at 9). Furthermore, the decision's RFC is supported by substantial evidence as demonstrated by the ALJ's analysis which "showed that while [Ms. Hodge] had mild degenerative disc disease and headaches dating back ten to twenty years, her treatment during the relevant 3.5 year period was conservative and reflected generally mild symptoms and examinations findings with rare exacerbations." (Doc. 22 at 8).

As discussed, "[s]ubstantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id*. While the Court may not re-weigh the evidence or try the issues *de novo*, its examination of the record must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan*, 399 F.3d at 1262. "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax*, 489 F.3d at 1084 (citing *Zoltanski*, 372 F.3d at 1200) (alteration made). In a decision supported by substantial evidence, an ALJ is not required to discuss all of the evidence; however, she is required to discuss the uncontroverted evidence she chose not to rely on, significantly probative evidence she rejected, and the evidence supporting her decision. *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996).

In this case, the ALJ discussed uncontroverted evidence, significantly probative but rejected evidence, and evidence that supported her decision. As described in Subsection A, *supra*, the ALJ discussed and considered results from Ms. Hodge's diagnostics tests, including the MRI results she discussed in her Motion. (AR 20). The ALJ also discussed Ms. Hodge's normal and abnormal clinical findings, including the December 19 findings highlighted by Ms. Hodge. (AR 21). While the ALJ may not have discussed all of the December 19 abnormal findings, namely the mildly positive Hoffman's sign and 3+ reflexes in her biceps, triceps and patellar tendons, she is not required to discuss all of the evidence. *Clifton*, 79 F.3d at 1009. Clearly, the ALJ considered this evidence, and indeed, she discussed the bulk of the findings from this appointment. (AR 22).

Finally, the ALJ considered Ms. Hodge's allegations regarding her restricted daily activities, exertional capacities, pain levels, and prior employment history. (AR 19). Yet, as described previously, *supra* Subsection A, the ALJ found many of Ms. Hodge's allegations inconsistent with the objective medical evidence. While this Court or another ALJ may have come to a different conclusion, substantial evidence only requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. Furthermore, "[t]he possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax*, 489 F.3d at 1084 (citing *Zoltanski*, 372 F.3d at 1200) (alteration made). Here, the ALJ provided an adequate discussion of evidence considered, evidence she found probative but generally inconsistent with the weight of the record, and properly addressed Ms. Hodge's allegations. In short, the ALJ provided sufficient relevant evidence as a reasonable mind would accept as adequate to support

14

her conclusion. *Langley*, 373 F.3d at 1118. For these reasons, the Court finds that the ALJ's RFC is supported by substantial evidence, and therefore, the Court denies Ms. Hodge's request for remand on this basis.

## V. Conclusion

For the foregoing reasons, the Court finds the ALJ did not commit an error of law in her assessment of Ms. Hodge's allegations, and this assessment was supported by substantial evidence. The Court also finds that the ALJ's RFC is supported by substantial evidence. The Court could not identify any other arguments in Ms. Hodge's Motion, and thus, the Court will only consider those issues that have been adequately briefed for review. *Keyes-Zachary*, 695 F.3d at 1161.

**IT IS THEREFORE ORDERED** that Ms. Hodge's *Motion to Reverse or Remand Administrative Agency Decision*, (Doc. 15), is **DENIED** and this case is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE